**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BROWN, BENJAMIN BROWN, A.B., L.B; | Case No.: 2:21-cv-05496-MEMF-JPR |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S PETITION FOR SETTLEMENT APPROVAL OF MINOR'S COMPROMISE RE: MINOR L.B. [DKT. NO. 80]** |
| v. | |
| UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, SANTINO LOPEX ASHTON, DOES 1 to 50 | |
| Defendants. | |

Before the Court is a Petition for Settlement Approval of Minor's Compromise filed by Plaintiffs Amanda Brown, Benjamin Brown, A.B., and L.B. Dkt. No. 80 ("Motion"). For the reasons stated herein, the Court hereby GRANTS the Petition.

///

///

///

///

1

## I.    Background

### A.  Factual Background[1]

On October 29, 2019, minor L.B., three months old at the time, was traveling as passenger in her parents' vehicle when the vehicle was struck on the side by a U.S. Postal truck, on Monte Vista Avenue in the City of Claremont, driven by a United States Postal Service employee, who failed to stop at the posted stop sign and hit Plaintiff's vehicle. Dkt. No. 1 ("Compl.") ¶¶ 19-21; *see also* Motion at 2-3.

## II.    Procedural History

Plaintiffs filed suit in the Central District Court of California on July 7, 2021. *See* Compl. The Complaint asserted violations under the Federal Torts Claims Act for personal injuries arising out of an automobile collision which occurred on October 29, 2019, on Monte Vista Avenue and Shenandoah Drive, in the city of Claremont, Los Angeles County, California. *Id.* ¶ 6. Plaintiffs initially demanded in excess of $20,050,000 in damages. *Id.* ¶ 42. L.B. was stated to have sustained no less than $25,000 in damages. *Id.* ¶ 41.

On October 30, 2025, the parties reached a settlement agreement where Defendants would pay $700,000, with no admission of liability from Defendant. Dkt. No. 74. Of the $700,000 total settlement amount, $1,000 is to be distributed to L.B. Motion at 4. On November 15, 2025, the Court granted this proposal. Dkt. No. 75.

## III.    Applicable Law

Under Federal Rule of Civil Procedure 17(c) ("Rule 17(c)"), district courts have a duty "to safeguard the interests of litigants who are disabled." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in relevant part, that "[t]he court must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Dkt. No. 1 ("Compl.").

2

determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (internal quotation marks omitted); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The Court's inquiry must be focused on whether "the net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 181-82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id*. at 1179.

Central District of California Local Rule 17-1 *et seq.* dictates that claims involving a minor can only be settled by leave of court. L.R. 17-1. It also provides that a district court is bound to the standards of California Code of Civil Procedure Section 372 and California Rule of Court 3.1384 when evaluating a proposed settlement. L.R. 17-1.3. The Court must also abide by California Probation Code Section 3600 *et seq.* as to the proposed allocation and disbursement of settlement proceeds. L.R. 17-1.6.1. California Probation Code Section 3601 requires court approval of the payment of attorneys' fees and costs. *See* Cal. Prob. Code § 3601. Under California law, a reviewing court is to evaluate the reasonableness of the settlement amount and terms to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Court*, 136 Cal. Rptr. 3d 455, 457-58 (Cal. Ct. App. 2012); *Espericueta v. Shewry*, 79 Cal. Rptr. 3d 517, 526 (Cal. Ct. App. 2008).

**IV.    Discussion**

**A.  The Settlement Agreement Is in the Best Interest of the Minor.**

The settlement agreement requires Defendants to pay a gross amount of $700,000 to all Plaintiffs of which $1,000 will be paid to minor L.B. Minor Compromise at 4. There were no medical expenses, attorney's fees, or other expenses that were subtracted from this amount. Thus, the total balance of proceeds of the settlement or judgment available to Plaintiff after payment of all fees and expenses is $1,000.

The Court, viewing the amount "in light of the facts of the case, [L.B.'s] specific claim, and recovery in similar cases," finds the settlement reasonable. *See Robidoux*, 638 F.3d at 1181-82.

Additionally, the settlement states that the $1,000 be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only on authorization of the court. Dkt. No. 80-1 at 9. The Court finds the parties agreement regarding the distribution of settlement proceeds to Plaintiff is fair, reasonable, and in L.B.'s interests. *See id.* The Court will order that payment proceed in this manner.

This settlement was agreed to via arms' length negotiations completed by experienced counsel. *See generally id.* The Court sees no evidence of any untoward behavior by any party in negotiating this settlement and is not well positioned to question counsel's determination that this is a fair settlement given the claims at issue and evidence that might support them.

The net settlement to L.B. appears fair, reasonable, and in her best interests. Accordingly, the Court finds that the settlement adequately compensates L.B. for harm suffered and serves L.B.'s interest.

## V.     Conclusion

For the foregoing reasons, the Court hereby GRANTS the Petition and ORDERS as follows:

1. The gross settlement amount of $1,000 for L.B. is approved;

2. The settlement proceeds shall be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only on authorization of the court.

IT IS SO ORDERED.

Dated: February 27, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge